Filing # 112633703 E-Filed 08/31/2020 01:41:54 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**CHRISTOPHER WARD**,
an individual,

    Plaintiff,

vs.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**, and
**SOUTHERN OWNERS INSURANCE
COMPANY**,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, **CHRISTOPHER WARD**, sues Defendants, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereafter **"STATE FARM"**) and **SOUTHERN OWNERS INSURANCE COMPANY** (hereinafter **"SOUTHERN OWNERS"**) and alleges:

### COMMON ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 08/31/2020 03:40:12 PM

of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla.Const..

2. At all times material hereto, Plaintiff, **CHRISTOPHER WARD**, was a natural person and resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, **STATE FARM**, was a for-profit corporation doing business, including the solicitation and sale of motor vehicle insurance, within the State of Florida, and specifically, in Jacksonville, Duval County, Florida.

4. At all times material hereto, **SOUTHERN OWNERS**, was a for profit corporation doing business, including the solicitation and sale of motor vehicle insurance, within the State of Florida, and specifically, in Jacksonville, Duval County, Florida.

5. On or about March 5, 2019, Plaintiff, **CHRISTOPHER WARD**, was the back seat passenger a George Moore courtesy shuttle traveling in Jacksonville, Duval County, Florida.

6. At all times material hereto the vehicle Plaintiff, **CHRISTOPHER WARD,** was traveling in was being driven by an employee and/or agent of George Moore Chevrolet, with their knowledge and/or consent.

7. On or about March 5, 2019**,** an unknown operator of a sedan was traveling behind the George Moore Chevrolet shuttle when it suddenly and without warning crashed into the back for the George Moore Chevrolet shuttle that Plaintiff, **CHRISTOPHER WARD**, was traveling in.

8. Such actions by the unknown "phantom" vehicle constituted negligence and caused and/or contributed to the above collision. The identity of the vehicle owner is unknown as no report was prepared at the scene and driver information was not exchanged among the parties involved.

9. As a result of the above described negligence of the phantom vehicle, the Plaintiff, **CHRISTOPHER WARD**, suffered bodily injury and resulting suffering, pain,

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of the ability to care for her home, her household and her personal needs, and aggravation of any previously existing condition. The losses are either permanent or continuing, and the Plaintiff, **CHRISTOPHER WARD**, will suffer the losses in the future.

10. Venue is proper in Duval County, Florida as the motor vehicle collision occurred in Jacksonville, Duval County, Florida.

## COUNT I
### (Christopher Ward v. State Farm)

11. Plaintiff, **CHRISTOPHER WARD**, re-alleges and re-affirms paragraphs 1 - 10 set forth above.

12. Prior to March 5, 2019, insurance policy number 59-6374-J79 was purchased from Defendant, **STATE FARM**, which included uninsured/underinsured coverage.

13. At all times material hereto, including March 5, 2019, Plaintiff, **CHRISTOPHER WARD**, had uninsured/underinsured motorist coverage with Defendant, **STATE FARM**, under the terms and conditions of automobile policy number 59-6374-J79. Attached hereto as Exhibit "A" is the declaration sheet of coverage disclosed by Defendant. The aforementioned policy is in possession of Defendant, **STATE FARM**. Plaintiff is not in possession of a complete copy of said policy but it has been requested via discovery and will be provided upon receipt.

14. At the time of the aforesaid collision, the "unknown" phantom vehicle was an unknown or "phantom" driver and constitutes an uninsured/underinsured motorist as that term is defined in Defendant's policy and at §627.727, *Florida Statutes*, and as applicable law interprets same.

15. Defendant, **STATE FARM**, is obligated to pay monetary damages to Plaintiff, **CHRISTOPHER WARD**, as a result of the permanent injuries **CHRISTOPHER WARD** sustained in the aforesaid motor vehicle collision.

16. Plaintiff, **CHRISTOPHER WARD**, has complied with all conditions precedent to filing this action.

17. As a direct and proximate result of the foregoing negligence, Plaintiff, **CHRISTOPHER WARD**, has suffered bodily injury within a reasonable medical probability, and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, medical expenses, loss of earnings, loss of ability to earn money, and aggravation of pre-existing injuries and/or conditions.  These injuries and damages to the Plaintiff are permanent within a reasonable degree of medical probability, and the Plaintiff will suffer such damages and losses in the future.

18. **STATE FARM** has refused to honor its obligations to the Plaintiff under the uninsured motor vehicle policy provision of the aforesaid insurance contract.

**WHEREFORE,** Plaintiff, **CHRISTOPHER WARD**, demands judgment against Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, for damages and costs of suit, together with such other relief as the Court may deem appropriate and demands a trial by jury on all issues so triable

<u>**COUNT II**</u>
**(Christopher Ward v. Southern Owners)**

19. Plaintiff, **CHRISTOPHER WARD**, re-alleges and re-affirms paragraphs 1 - 10 set forth above.

20. Prior to March 5, 2019, Policy No. 4795946201 was purchased from Defendant, **SOUTHERN OWNERS** by George Moore Chevrolet, Inc, the owner of the vehicle Plaintiff,

**CHRISTOPHER WARD**, was traveling in, which provided uninsured/underinsured coverage for the occupants of said vehicle, including the Plaintiff.

21. At all times material hereto, including the subject motor vehicle accident that occurred on March 5, 2019 as described herein, the subject courtesy vehicle Plaintiff, **CHRISTOPHER WARD**, was traveling in, had uninsured/underinsured motorist coverage with the Defendant, **SOUTHERN OWNERS**, under the terms and conditions of automobile policy number 4795946201. Defendant is in possession of a complete copy of the insurance policy in effect on the date of loss. Attached hereto as Exhibit B is the declaration sheet of coverage disclosed by the Defendant, **SOUTHERN OWNERS**.

22. At all times material hereto, **CHRISTOPHER WARD**, was covered by uninsured/underinsured motorist coverage through the Defendant, **SOUTHERN OWNERS**, under the terms and conditions of automobile policy number 4795946201, issued to George Moore Chevrolet, Inc.

23. As a direct and proximate result of the foregoing negligence, Plaintiff, **CHRISTOPHER WARD**, suffered bodily injury resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The injury to the Plaintiff is permanent within a reasonable degree of medical probability, and the Plaintiff will continue to suffer the losses in the future. Plaintiff's automobile was damaged and he lost the use of it during the period required for its repair or replacement.

24. **SOUTHERN OWNERS** is obligated to pay monetary damages to Plaintiff as a result of the permanent injuries sustained in the aforesaid motor vehicle collision.

25. **SOUTHERN OWNERS** has refused to honor its obligations to the Plaintiff under the uninsured motor vehicle policy provision of the aforesaid insurance contract.

26. Plaintiff has complied with all conditions precedent to the filing of this action.

**WHEREFORE,** Plaintiff, **CHRISTOPHER WARD**, demands judgment against Defendant, **SOUTHERN OWNERS INSURANCE COMPANY**, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 31st day of August, 2020.

        **MORGAN & MORGAN**

        */s/ Nicolle Von Roenn*
        _____
        **NICOLLE VON ROENN, ESQUIRE**
        FBN: 070294
        76 South Laura Street, Suite 1100
        Jacksonville, Florida 32202
        Primary email: nvonroenn@forthepeople.com
        Secondary:mmccallum@forthepeople.com
        Telephone:   (904) 398-2722
        Facsimile:   (904) 361-7220
        Attorney for Plaintiff